**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-4165-CV-C-WAK |
| JOHN GALLUP, III, et al., | ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Defendant Betty Gallup (B. Gallup), individually and as next friend for her two minor children, filed suit in the Circuit Court of Jackson County, Missouri, against her husband, defendant John Gallup, III (J. Gallup), for damages sustained in an automobile accident that occurred during his employment with Richard Timmerman, d/b/a Dyno Diagnostic Center & KC Custom Detail (Timmerman).

J. Gallup tendered that action to plaintiff Western Heritage Insurance Company (Western) to either defend or indemnify him.  Western declined to do so, and a default judgment was entered in the case.  Western denies that it has any duty under the policy to defend or indemnify J. Gallup, and on August 1, 2006, filed this federal  suit seeking a declaratory judgment to that effect.  The Gallup defendants assert the coverage issue should be addressed in pending state court garnishment proceedings,[1] and on August 28, 2006, filed motions to stay or dismiss this federal action.  Plaintiff filed suggestions in opposition to the motions, and the defendants replied.

Federal courts have some discretion under 28 U.S.C. § 2201 in deciding whether to exercise jurisdiction in a declaratory judgment action where there are parallel state court proceedings.  <u>Scottsdale Ins. Co. v. Detco Indus., Inc.</u>, 426 F.3d 994, 996 (8th Cir. 2005).  This is

---

[1]B. Gallup obtained a default judgment against J. Gallup in the state court personal injury action.

in contrast to the general rule that federal district courts must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so. When there are parallel state court proceedings, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). The standard set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), requires the court to "consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000).

Thus, the court must consider the facts and issues raised in the state cases. In the first state case, B Gallup and her minor sons[2] claim J. Gallup was negligent in his operation of a motor vehicle during the scope of his employment. They claim his negligence resulted in their receiving injuries in a motor vehicle collision in Irving, Texas, in June 2002. Two insurers declined to defend J. Gallup and a default judgment was entered against him. Subsequently, the state court plaintiffs filed garnishment proceedings in Missouri state court against J. Gallup and the insurers, under Mo. Ann. Stat. § 379.200 (West 2002).

When the accident occurred, J. Gallup was in Texas inspecting trucks for possible purchase by Arrow Truck Sales, Inc. (Arrow). The national parts and sales manager for Arrow, Mr. Galusha, owned two businesses, Dyno Diagnostic Center & KC Custom Detail, which were being run by Richard Timmerman (Mr. Timmerman) with the intent of purchasing them. Those businesses were insured in Mr. Timmerman's name and they conducted inspections of commercial trucks that Arrow was considering purchasing. J. Gallup has testified that at the time of the accident he was under the joint control of Arrow and Timmerman, and he received instruction from both Galusha and Mr. Timmerman.

The insurers for both Arrow[3] and Timmerman dispute their liability for defense and indemnification under their respective policies. Arrow's insurer asserted that J. Gallup was not

---

[2]The minors are the sons of J. Gallup and B. Gallup.

[3]B. Gallup originally brought suit against Arrow Truck Sales, Inc., and John Gallup seeking damages for injuries to her minor children, Stephen and Jacob.

2

an agent of Arrow, but was an independent contractor or agent of Timmerman. Documents submitted as exhibits indicate Timmerman treated J. Gallup as an independent contractor for tax purposes. Nevertheless, the accident involved a vehicle driven by J. Gallup but leased with Timmerman's business card. Further, J. Gallup was conducting inspections for Timmerman and Timmerman paid the travel expenses.

J. Gallup's status as an employee, agent, or independent contractor of Arrow and/or Timmerman is clearly at issue in the state court equitable garnishment proceedings, because insurance coverage for the accident is disputed. Both companies had insurance policies for liability arising out of the ownership, maintenance and use of motor vehicles by their agents and employees acting within the course and scope of their agency or employment.

Defendants assert this court should abstain from exercising jurisdiction in this federal case because the state court garnishment action raises the same coverage dispute for Western and includes the coverage dispute between defendants and Arrow's insurer, Harco National Insurance Company. Thus, the factual issues could be addressed in one action, the risk of inconsistent conclusions would be avoided, and abstention would permit the state court to enforce its own judgment.

In Brillhart v. Excess Ins. Co. of America, 316 U.S. at 495, the Court noted the district court should examine the scope of the state court proceeding and consider "whether the claims of all parties in interest can be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amendable to process in that proceeding, etc."

Having carefully reviewed the pleadings, the court finds that (1) the state equitable garnishment proceeding involves the same issues between the same parties, and includes a feasible party not named in this declaratory judgment action; (2) the state court action can resolve all of the issues related to insurance coverage for the Gallups' injuries sustained in the collision; (3) it would be inefficient to require litigation over this common issue in two separate actions; and (4) there has been no showing that any of the parties are not amendable to process in the state proceeding. Further, Missouri's equitable garnishment statute allows the insurer to raise all of its defenses in the garnishment proceeding, and the issues to be decided are matters of state law.

Case 2:06-cv-04165-WAK   Document 13   Filed 01/08/07   Page 3 of 4

The court notes that the federal declaratory judgment action was filed prior to the state equitable garnishment proceeding, but under the facts of this case, the timing of the filing does not outweigh the other considerations favoring abstention. Plaintiff was aware of the pending judgment in the underlying state court personal injury action and knew that an equitable garnishment proceeding would be timely filed upon the entry of a written judgment.

For these reasons, the court concludes that under the totality of the circumstances, the relevant factors weigh in favor of federal abstention.

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss, filed on August 28, 2006, are granted. [4, 5]

Dated this 8th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge